IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-41

No. 78A20

Filed 16 April 2021

STATE OF NORTH CAROLINA

v.

WILLIAM LEE SCOTT

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 269 N.C. App. 457 (2020), finding no prejudicial error after appeal from a judgment entered on 23 July 2018 by Judge Paul C. Ridgeway in Superior Court, Alamance County. Heard in the Supreme Court on 15 February 2021.

*Joshua H. Stein, Attorney General, by Kathryne E. Hathcock, Assistant Attorney General, for the State-appellee.*

*M. Gordon Widenhouse Jr. for defendant-appellant.*

BARRINGER, Justice.

¶ 1    To address this appeal, this Court must decide whether the Court of Appeals erred by not deciding whether an error was harmless beyond a reasonable doubt and by placing the burden on defendant to show the error was prejudicial. We conclude the Court of Appeals erred. Thus, we reverse the Court of Appeals' decision and remand to the Court of Appeals to apply the proper standard.

## I.    Background

On 21 June 2013, defendant's car collided with another vehicle. The driver of the other vehicle was pronounced dead at the scene. Defendant was transported to Moses Cone Hospital where he was treated and released. The State filed an application for an order for Moses Cone Hospital medical records, seeking medical records and the defendant's blood from his 21 June 2013 admission to the hospital. The trial court issued an order directing Moses Cone Hospital to provide defendant's medical records and blood. The North Carolina State Crime Laboratory issued a report containing the analysis of blood testing on defendant's blood on 29 July 2013. The laboratory report contained the analyst's opinion that the blood alcohol concentration of defendant's blood was .22 grams of alcohol per 100 milliliters of blood.

Subsequently, in September 2013, the State obtained a grand jury indictment against defendant for second-degree murder, felony death by vehicle, and misdemeanor death by vehicle. Before trial, defendant filed a motion to suppress. In the motion, defendant sought to exclude evidence generated from defendant's blood, arguing the blood was obtained in violation of the Constitutions of the United States and of North Carolina. The trial court denied defendant's motion to suppress.

At trial, the State introduced, and the trial court admitted into evidence the laboratory report and testimony from its expert that the blood alcohol concentration

of defendant's blood was .22 grams of alcohol per 100 milliliters of blood (collectively,

blood test results). Defendant preserved his objection to the admission of the blood

test results during trial.

¶ 5      The jury returned a verdict of guilty of second-degree murder and felony death

by motor vehicle. The trial court subsequently entered judgment on second-degree

murder and arrested judgment on felony death by vehicle. Defendant appealed.

¶ 6      On appeal, the Court of Appeals held that the trial court erred by denying

defendant's motion to suppress and by not excluding the blood test results. *State v.

Scott*, 269 N.C. App. 457, 465 (2020). The Court of Appeals' decision stated in

pertinent part:

> Here, no allegation or indication of Defendant's
> purported intoxication was asserted in the record or in the
> Application for Order [for provision of Defendant's blood].
> None of the officers, firefighters, or paramedics on the
> scene, nurses, physicians, or investigating officers in close
> and direct contact with Defendant at the hospital noticed
> any signs of impairment at the time of the collision or
> thereafter.
>
> The first and only indication of Defendant's
> intoxication were results of tests on Defendant's blood
> samples taken from the Hospital and tested over a week
> later at the [State Bureau of Investigation] laboratory. . . .
>
>       . . . .
>
> . . . [T]he trial court's order [for provision of Defendant's
> blood] does not base its reasoning upon exigent
> circumstances to draw blood without a warrant from an
> incapacitated person, who is under suspicion for drunk

driving. "The natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." *State v. Romano*, 369 N.C. 678, 687, 800 S.E.2d 644, 656 (2017) (quoting *Missouri v. McNeely*, 569 U.S. 141, 165, [133 S. Ct. 1552,] 185 L. Ed. 2d 696, 715 (2013)).

The State's reliance on *State v. Smith* is also inapposite. The facts in *Smith* involved a search warrant for the defendant's test results and did not involve whether the search warrant was supported by sufficient probable cause. [*State v.*] *Smith*, 248 N.C. App. [804,] 815, 789 S.E.2d [873,] 879 [(2016)]. This Court concluded the "identifiable health information" in [N.C.G.S.] § 90-21.2[0]B(a1)(3) requires a search warrant or judicial order that "specifies the information sought." *Id.*

However, a valid order remains subject to the reasonable suspicion standard required by our Supreme Court's opinion in *In re Superior Court Order*, 315 N.C. [378,] 382, 338 S.E.2d [307, 310 (1986)]. A search warrant remains subject to the probable cause standard contained in N.C.[G.S.] § 15A-244 (2017). As noted above, the order before us is not based upon either reasonable suspicion or probable cause.

. . . Defendant's motion to suppress should have been sustained and the blood test results should have been excluded. Defendant's second-degree murder conviction cannot be supported on a theory of intoxication to provide the required element of malice.

*Id.* at 463–65 (cleaned up). The Court of Appeals' decision then addressed the

prejudicial effect of the error. *Id.* at 465–66. The Court of Appeals held:

The State provided substantial evidence of both Defendant's high speed and his reckless driving, together with his prior record, to show malice to support Defendant's conviction for second-degree murder.

Defendant has failed to carry his burden to show any
prejudicial error in the denial of the motion to suppress.

*Id.* at 467.

¶ 7    The dissent joined a portion of the majority decision, concurring "in the holding

that Defendant's motion to suppress this evidence should have been granted." *Id.* at

467 (Brook, J., concurring in part and dissenting in part). However, the dissent

disagreed with the portion of the majority decision holding that the admission of the

blood test results did not constitute prejudicial error. *Id.* at 467–68. The dissent

observed that the majority decision "seems to be based on a misapplication of the

applicable legal standard." *Id.* at 472. The dissent identified the standard as "whether

[the court] can 'declare a belief that [the federal constitutional error] was harmless

beyond a reasonable doubt.'" *Id.* (second alteration in original) (quoting *State v.

Lawrence*, 365 N.C. 506, 513 (2012)). The dissent applied that standard and concluded

he could not state that the admission of the blood test results was harmless beyond a

reasonable doubt. *Id.* at 472–73.

## II.    Analysis

¶ 8    "[B]efore a federal constitutional error can be held harmless, the court must be

able to declare a belief that [the error] was harmless beyond a reasonable doubt."

*Chapman v. California*, 386 U.S. 18, 24 (1967); *see also Davis v. Ayala*, 576 U.S. 257,

267 (2015); N.C.G.S. § 15A-1443(b) (2019).[1] The burden falls "upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless." N.C.G.S. § 15A-1443(b); *see also Brecht v. Abrahamson*, 507 U.S. 619, 630 (1993); *Chapman*, 386 U.S. at 24; *Lawrence*, 365 N.C. at 513.

¶ 9    In this case, the Court of Appeals held that the motion to suppress should have been sustained. *Scott*, 269 N.C. App. at 465. In reaching this conclusion, the Court of Appeals held that the order resulting in the production of the blood to the State was not based on either probable cause or exigent circumstances. *Id.* at 464–65. Since the absence of probable cause and exigent circumstances for a search or seizure[2] violates the Constitution of the United States absent a warrant or another exception to the warrant requirement, the Court of Appeals effectively held that a federal constitutional error occurred. *See* U.S. Const. amend. IV; *State v. Welch*, 316 N.C. 578, 587 (1986) (interpreting the balancing test set forth in *Schmerber v. California*, 384 U.S. 757, 770–72 (1966), as "forbidding law enforcement authorities acting without a search warrant from requiring a defendant to submit to the drawing of a blood sample unless probable cause and exigent circumstances exist to justify a

---

[1] Subsection 15A-1443(b) of the General Statutes of North Carolina "reflects the standard of prejudice with regard to violation of the defendant's rights under the Constitution of the United States, as set out in the case of *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)." N.C.G.S. § 15A-1443 official cmt. (2019).

[2] "[D]rawing blood from a person constitutes a search under both the Federal and North Carolina Constitutions." *State v. Romano*, 369 N.C. 678, 685 (2017) (citations omitted).

warrantless seizure of the blood sample"). As a result, the Court of Appeals should have applied the aforementioned standard for federal constitutional errors in this case. *See State v. Ortiz-Zape*, 367 N.C. 1, 13 (2013) ("When violations of a defendant's rights under the United States Constitution are alleged, harmless error review functions the same way in both federal and state courts." (quoting *Lawrence*, 365 N.C. at 513)); *State v. Autry*, 321 N.C. 392, 399 (1988) ("Assuming *arguendo* that the search violated defendant's constitutional rights and that the evidence therefrom was improperly admitted at trial, we find any such error in its admission harmless beyond a reasonable doubt.").

¶ 10        Therefore, we conclude that the Court of Appeals erred. The Court of Appeals did not apply the correct standard that the error was harmless beyond a reasonable doubt and wrongly placed the burden on defendant to show prejudice as reflected in its analysis and conclusion. *Scott*, 269 N.C. App. at 465–67.

## III.    Conclusion

¶ 11        The Court of Appeals applied the wrong standard for determining prejudice resulting from a violation of defendant's rights under the Constitution of the United States. Accordingly, we reverse the decision of the Court of Appeals and remand to the Court of Appeals to apply the proper standard and review this matter in a manner not inconsistent with this opinion.

REVERSED AND REMANDED.